IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DWAYNE E. ANDERSON, | |
| Plaintiff, | |
| vs. | No. 11-2004-STA-cgc |
| CRICKET COMMUNICATIONS, INC., | |
| Defendant. | |

ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD
ORDER GRANTING DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD
ORDER OF DISMISSAL
ORDER CERTIFYING NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On January 3, 2011, Plaintiff Dwayne E. Anderson, a resident of Memphis, Tennessee, filed a pro se Application to Vacate Arbitration Award pursuant to 9 U.S.C. § 10, accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) The Court granted leave to proceed in forma pauperis on January 4, 2011. (ECF No. 3.)

On January 13, 2011, Defendant Cricket Communications, Inc. ("Cricket") filed its Response to the Petition to Vacate Arbitration Award. (ECF No. 4.)[1] On February 8, 2011, Defendant filed a Motion to Confirm the Arbitration Award. (ECF No. 6.)

---

[1] Defendant's Response was filed before the Complaint was screened under 28 U.S.C. § 1915(e)(2)(B) and before Defendant was served. Because Defendant has not raised a defense of improper service, this defect will be overlooked.

Because Plaintiff did not respond to this motion, the Court issued an order on September 6, 2011, directing Plaintiff to show cause why that motion should not be granted. (ECF No. 14.) Plaintiff filed his response to the show cause order on September 13, 2011. (ECF No. 15.)

On April 8, 2009, Plaintiff filed his claim ("Claim for Damages") against Defendant with the American Arbitration Association ("AAA").[2] The Claim for Damages alleged that Plaintiff purchased wireless phone service from Defendant on August 9, 2008. On each occasion in which Plaintiff paid his bill in person, he has been charged a $3.00 convenience fee.[3] Plaintiff complains that Defendant has provided no clear explanation for the charge, other than a statement in its Terms and Conditions that "[y]ou may have to pay an additional service charge if you make your payments in person or over the phone."[4] Plaintiff avers that the assessment of this fee constitutes fraud, in violation of 18 U.S.C. §§ 1961-1968, and deceptive acts and practices, in violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 104(b)(6)-(7).[5] Plaintiff seeks $20,000 in compensatory damages, $20,000 in

---

[2]   Claim for Damages Against Cricket Communications Inc., ECF No. 4-1.

[3]   Id., "Statement of the Facts," ECF No. 4-1 at 2.

[4]   Id., ECF No. 4-1 at 2-3.

[5]   Id., ECF No. 4-1 at 3.

2

punitive damages, and treble damages for the violation of the TCPA.[6]

Cricket filed its Answer on June 28, 2009[7] in which it stated, inter alia, that "[c]onvenience fees such as the ones charged by Cricket are typical and customary to cover the additional costs of accepting payment by these methods. The Convenience Fee is not a tax or government requirement . . . . In fact, Cricket customers may avoid paying a Convenience Fee by electing to forego the convenience of paying in person or by phone and instead making payment on their accounts by mail,"[8] that customers are notified of these fees in its Terms and Conditions, its brochures, Welcome Cards, and "Read Me First" cards provided to customers at the point of sale, on its website, and by signs posted in many authorized payment locations,[9] and that it does not bind its customers to annual contacts, so customers who are unhappy with having to pay Convenience Fees can cancel their service at any time.[10]

On September 2, 2010, the arbitrator dismissed the Statement of Claim without prejudice because Plaintiff failed to

---

[6] Id.

[7] Answering Statement of Cricket Communications, Inc., ECF No. 4-2.

[8] Id. at 1-2, ECF No. 4-2.

[9] Id.

[10] Id.

attend two preliminary hearings.[11] On September 15, 2010, Plaintiff filed a motion to reopen the case, explaining that he was in jail on the scheduled hearing dates.[12] On September 29, 2010, Cricket filed its response to the motion.[13] The arbitrator issued an order on October 15, 2010, that granted the motion to reopen the case and set a hearing on December 20, 1010.[14]

On November 18, 2010, Plaintiff filed a Motion for Production of Documents that sought, inter alia, "[a]ll documents of parties in partnership with Cricket Communications," "[a]ll documents related to the promulgated Rule for the payment of convenience fees," "[a]ll documents containing the names and positions of Cricket's employees with policy making decisions with regard to payments for the telephone service," and "[a]ll documents of the definition and reasons for convenience fees developed and/or adopted by Cricket Communications."[15] Plaintiff asked for production of responsive documents within ten days.[16] On November 19, 2010, Cricket filed its response to Plaintiff's motion, which objected to every request.[17] Cricket served its own discovery requests on

---

[11] Order of the Arbitrator, ECF No. 4-3.

[12] Mot. to Reopen, ECF No. 4-4.

[13] Cricket Communications, Inc.'s Response to Mot. to Reopen Case, ECF No. 4-5.

[14] Order on Mot. to Reopen Case and Set Trial Date, ECF No. 4-6.

[15] Mot. for Production of Documents, ECF No. 4-7.

[16] Id. at 1.

[17] Cricket Communications, Inc.'s Response to Dwayne E. Anderson's Mot. for Production of Documents, ECF No. 4-8.

4

November 19, 2010.[18] On or about November 23, 2010, Plaintiff filed his response to those discovery requests, which objected to the requests on the same grounds Cricket had asserted in response to his requests and which further declined to respond until the arbitrator scheduled a preliminary hearing.[19]

At the arbitration hearing on December 20, 1010, Plaintiff questioned why the arbitrator had not allowed him to obtain the discovery he sought from Cricket. According to Cricket, the arbitrator explained that he preferred for parties to address discovery issues at a preliminary hearing, and he noted that Plaintiff had not attended the preliminary hearings in the matter.[20] The arbitrator further stated that he had reviewed the discovery requests served by both parties and decided neither party was entitled to responses. The arbitrator asked Plaintiff to present his proof, and Plaintiff chose not to do so. Cricket presented its proof. After the hearing, Plaintiff filed a motion with the AAA to replace the arbitrator.[21] Cricket filed a response in opposition to the motion on or about December 21, 2010.[22] By letter dated December

---

[18] Cricket Communications, Inc.'s First Set of Interrogatories and Requests for Production of Documents, ECF No. 4-9.

[19] Claimant's Response to Cricket's Response to Production of Documents/ and Request for Interrogatories and Request for Production of Documents, Simultaneously Filed, ECF No. 1 at 6-7.

[20] ECF No. 4 at 3.

[21] Claimant's Mot. for Replacement of Arbitrator, ECF No. 1 at 9-10.

[22] Cricket Communications, Inc.'s Response to the Claimant's Mot. for Replacement of Arbitrator, ECF No. 1 at 11-14.

27, 2010, the AAA reaffirmed the appointment of the arbitrator.[23] On December 28, 2010, the arbitrator entered an award denying Plaintiff's claim in its entirety.[24]

In his Motion to Vacate, Plaintiff asserted that "[t]he arbitrator's award was procured by corruption, fraud, and undue means, and clear evidence of partiality of arbitrator Kern, and his refusal to allow the applicant to obtain and be heard on his evidence pertinent to and material to the controversy, which applicant's rights have been prejudiced, which such wrongful acts of arbitrator Kern was condoned and ratified by the Association, where he concealed discovery documents of the applicant." (ECF No. 1 at 3.)

This action arises under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. As the Court of Appeals has explained:

> The Federal Arbitration Act ("FAA") expresses a presumption that arbitration awards will be confirmed. 9 U.S.C. § 9; Andersons, Inc. v. Horton Farms, Inc., 166 F.3d 308, 328 (6th Cir. 1998). "When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." [Nationwide Mut. Ins. Co. v. Home Ins. Co., 278 F.3d 621, 625 (6th Cir. 2002) ("Nationwide II")] (quoting Lattimer-Stevens Co. v. United Steelworkers, 913 F.2d 1166, 1169 (6th Cir. 1990)). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987). Thus, "[a] federal court may vacate an arbitration award only in very limited circumstances." [Nationwide Mut. Ins. Co. v. Home Ins. Co., 330 F.3d 843,

---

[23] ECF No. 1 at 15.

[24] Award of Arbitrator, ECF No. 4-10.

6

845 (6th Cir. 2003) ("Nationwide III")]. "Those circumstances include 'where the arbitrators exceeded their powers,' 9 U.S.C. § 10(a)(4), and where the arbitrators act with 'manifest disregard for the law.'" Id. (quoting Dawahare v. Spencer, 210 F.3d 666, 669 (6th Cir. 2000)). In addition, an arbitration award may be vacated upon application of any party to the arbitration "where there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C. § 10(a)(2).

Nationwide Mut. Ins. Co. v. Home Ins. Co., 429 F.3d 640, 643-44 (6th Cir. 2005).

An arbitration award must be confirmed unless it has been vacated or modified. FAA § 9, 9 U.S.C. § 9. The circumstances under which a court may vacate an arbitration award are limited:

In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration —

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

FAA § 10(a), 9 U.S.C. § 10(a). In this case, Plaintiff relies on §§ 10(a)(1), 10(a)(2), and, perhaps, 10(a)(3).[25]

---

[25] ECF No. 1 at 3.

7

Plaintiff is not entitled to relief under § 10(a)(1) of the FAA, which allows a court to vacate an arbitration award that "was procured by corruption, fraud, or undue means." 9 U.S.C. § 10(a)(1).

> To merit the vacation of the arbitration award under § 10(a)(1) for either fraud or undue means, the movant must demonstrate: "(1) clear and convincing evidence of fraud, (2) that the fraud materially relates to an issue involved in the arbitration, and (3) that due diligence would not have prompted the discovery of the fraud during or prior to the arbitration." Int'l Bhd. of Teamsters, Local 519 v. United Parcel Serv., Inc., 335 F.3d 497, 503 (6th Cir. 2003) (citing Pontiac Trail Med. Clinic, P.C. v. PaineWebber, Inc., No. 92-1972, 1993 WL 288301, at *3 (6th Cir. July 29, 1993)); Barcume v. City of Flint, 132 F. Supp. 2d 549, 556 (E.D. Mich. 2001) (citing Pontiac Trail and A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1403 (9th Cir. 1992)). Both fraud and undue means require proof of intentional misconduct or bad faith. See Mitchell v. Ainbinder, 214 Fed. Appx. 565, 568 (6th Cir. 2007); Pontiac Trail, 1993 WL 288301, at *4; see also PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship, 187 F.3d 988, 991 (8th Cir. 1999). "[U]ndue means clearly connotes behavior that is immoral if not illegal" and does not include "sloppy or overzealous lawyering." Pontiac Trail, 1993 WL 288301, at *4; see also PaineWebber, 187 F.3d at 991; A.G. Edwards, 967 F.2d at 1404.

Bauer v. Carty & Co., 246 F. App'x 375, 377 (6th Cir. 2007). In this case, Plaintiff does not allege any fraud or undue influence by Cricket's attorneys. "Fraud" means "a misrepresentation or concealment of a material fact." Neder v. United States, 527 U.S. 1, 22, 119 S. Ct. 1827, 1840, 144 L. Ed. 2d 35 (1999). A failure to produce documents requested in discovery, in reliance on clearly stated objections, is not fraud. Bauer, 246 F. App'x at 379-80 ("The narrow interpretation of a document request and withholding of a document based upon a potentially meritorious objection do not

constitute clear and convincing evidence of bad faith or immoral conduct required for fraud or undue means.").

Plaintiff is not entitled to relief under § 10(a)(2) of the FAA, which allows a court to vacate an arbitration award "where there was evident impartiality or corruption in the arbitrator[]." 9 U.S.C. § 10(a)(2). "[E]vident partiality will be found only where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." Nationwide Mut. Ins. Co., 429 F.3d at 644; see also Apperson v. Fleet Carrier Corp., 879 F.2d 1344, 1358 (6th Cir. 1989) (same). "In order to sustain that burden, the party asserting evident partiality must establish specific facts that indicate improper motives on the part of the arbitrator." Uhl v. Korematsu Forklift Co., 512 F.3d 294, 306 (6th Cir. 2008) (internal quotation marks omitted). "It is not enough to demonstrate 'an amorphous institutional predisposition toward the other side,' because that would simply be the appearance-of-bias standard that [the Court of Appeals has] previously rejected." Id. at 306-07 (quoting Andersons, Inc. v. Horton Farms, Inc., 166 F.3d 308, 329 (6th Cir. 1998)).

Plaintiff has not satisfied this standard. The arbitrator's decisions in the instant case do not show bias. In declining to postpone the hearing to permit discovery, the arbitrator concluded that neither party was entitled to the

requested discovery. Plaintiff's disagreement with the arbitrator's ruling is insufficient to show bias.[26]

Finally, Plaintiff is not entitled to relief under § 10(a)(3) of the FAA, which allows a court to vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown." 9 U.S.C. § 10(a)(3). Plaintiff sought a continuance to permit discovery, but the AAA Rules cited by Plaintiff make clear that the arbitrator has discretion whether to order discovery. (See D.E. 1 at 3.)[27]

> [T]he arbitrators . . . are the judges of the relevance and materiality of the evidence offered. The question is not whether plaintiff might have been able to secure the discovery it wanted under Fed.R.Civ.P. 56(f) in a civil action.[[28]] The Supreme Court has explained that "by agreeing to arbitrate, a party 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'" Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 31 (1991) (citation omitted). Arbitration may proceed summarily and with restricted inquiry into factual issues. See Robbins v. Day, 954 F.2d 679, 685 (11th Cir. 1992).

Louisiana D. Brown 1992 Irrevocable Trust v. Peabody Coal Co., No. 99-3322, 2000 WL 178554, at *5 (6th Cir. Feb. 8, 2000) (per

---

[26] In the judicial disqualification context, bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671, 681 (6th Cir. 2001); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988); United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983).

[27] Rule 21(a) of the AAA's Commercial Arbitration Rules provides that, "at the request of any party or at the discretion of the arbitrator, consistent with the expedited nature of arbitration, the arbitrator may direct (i) the production of documents or other information...."

[28] After the 2010 amendments, this provision is found at Rule 56(d) of the Federal Rules of Civil Procedure.

10

curiam); see also Nationwide Mut. Ins. Co. v. Home Ins. Co., 278 F.3d 621, 625 (6th Cir. 2002) (same).

> "Arbitrators are not bound by formal rules of procedure and evidence, and the standard for judicial review of arbitration procedures is merely whether a party to arbitration has been denied a fundamentally fair hearing." See National Post Office v. U.S. Postal Serv., 751 F.2d 834, 841 (6th Cir. 1985). Fundamental fairness requires only notice, an opportunity to present relevant and material evidence and arguments to the arbitrators, and an absence of bias on the part of the arbitrators. See Bowles Financial Group, Inc. v. Stifel, Nicolaus & Co., 22 F.3d 1010, 1013 (10th Cir. 1994) (citing cases).

Louisiana D. Brown 1992 Irrevocable Trust, 2000 WL 178554, at *6.

In this case, Plaintiff had an opportunity to present his claims to the arbitrator, including his arguments that he was entitled to discovery and that the hearing should be postponed to permit discovery. Plaintiff chose not to present any evidence in support of his claims.

Plaintiff also has not demonstrated that discovery could have produced relevant evidence in support of his claims. Indeed, Plaintiff has not explained why his claims are not defeated by Defendant's disclosures of its Convenience Fee policy (if, in fact, that policy was fully disclosed, an issue that is not before the Court).

Therefore, the Court DENIES Plaintiff's motion to vacate the arbitration award and GRANTS Defendant's motion to confirm the award. A final judgment shall be entered for Defendant.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals for the Sixth Circuit

requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3)(A) provides that if a party was permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. at 445, 82 S. Ct. at 921. The same considerations that lead the Court to deny Plaintiff's motion to vacate the arbitration award also compel the conclusion that an appeal would not be taken in good faith. It is

therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.[29]

IT IS SO ORDERED this 22nd day of September, 2011.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[29] If Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.